IN THE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILLIP C. DE BLANC, § § *Plaintiff,* § § v. § § NATIONWIDE, A NATIONAL FLOOD WRITE § YOUR OWN COMPANY, NATIONWIDE § MUTUAL FIRE INSURANCE COMPANY AND § FEDERAL EMERGENCY MANAGEMENT § AGENCY, § § *Defendants.* § | CIVIL ACTION NO. _____ |

## PLAINTIFF PHILLIP C. DE BLANC'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Phillip C. de Blanc ("Plaintiff") complains through this Original Complaint against the following Defendants: Nationwide, a National Flood Write Your Own Company, Nationwide Mutual Fire Insurance Company and the Federal Emergency Management Agency.

### Service of Process

1. Plaintiff is a natural person with his principal residence in Bellaire, Harris County, Texas.

2. Service of process shall be accomplished pursuant to Rule 4 Federal Rules of Civil Procedure, on the above-named Defendants as follows:

3. Defendant Nationwide Mutual Fire Insurance Company is an insurance company believed to be licensed to conduct insurance business in the State of Texas with its principal place of business at 1 Nationwide Plaza, Columbus Ohio 43215-2220, and who may be served through its chief executive officer, Mr. Stephen S. Rasmussan, Chief Executive Officer and Director, by certified mail, return receipt requested, at said address. Alternatively, Nationwide Mutual Fire

Insurance Company may be served through its registered agent, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

4. Defendant Nationwide, a National Flood Write Your Own Company, is an insurance company who is believed to be lawfully authorized to do business in the State of Texas, and who may be served at its principal address of P.O. Box 2057, Kalispell, Montana 59903, by certified mail, return receipt requested or, alternatively, by serving its registered agent, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

5. Defendant Federal Emergency Management Agency is an agency of the United States Department of Homeland Security who may be served through the following:

(a) Abe Martinez, Acting U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002;

(b) Jefferson Sessions, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001; and

(c) William B. "Brock" Long, Administrator, Federal Emergency Management Agency, 500 C Street S.W., Washington, D.C. 20472.

## Jurisdiction and Venue

6. Jurisdiction and venue for the claim stated herein lie in this Court under 28 USC § 1331, 42 USC § 4072, 28 USC § 1391 and through this Court's pendant and ancillary jurisdiction.

## Background

7. This suit is being sought to seek additional insurance compensation that was wrongfully and inappropriately denied following a flood insurance claim filed by Plaintiff Phillip C. de Blanc in connection with the May 26, 2015 flood of his private residence at 4301 Cynthia

Street, Bellaire, Texas 77401.  At the time of the flooding of Mr. de Blanc's home, he owned flood insurance Policy No. 50507684482014 issued by Defendant Nationwide, A National Flood Write Your Own Company, who itself is an affiliate of Defendant Nationwide Mutual Fire Insurance Company (collectively "Nationwide").  The policy was written pursuant to the Federal Emergency Management Agency's ("FEMA") national flood insurance program.  At the time of the flooding, Plaintiff's garage was inundated by several inches of water, and water also seeped beneath the carpet in the master bedroom and rose above the foundation above the perimeter of the entire home.  On June 2, 2015, Plaintiff filed flood Claim No. 10474970 for the resulting flood damage with Nationwide.

8. A claim adjustor representing Nationwide inspected Plaintiff's home on June 6, 2015 and approved a loss reimbursement of $8,150.67, recognizing damages in the form of baseboard replacement and painting, carpet pad replacement, carpet replacement, replacement of a central air conditioning unit and certain limited garage repairs.  At the time of the adjustor's inspection on June 6, 2015, neither Plaintiff nor the adjustor observed or otherwise became aware of damage to drywall, insulation, cabinetry, or other built-in features to Plaintiff's home.  However, at the time of the inspection, the adjustor advised Plaintiff to supplement his flood claim if additional flood-related damages were discovered during repair activities or otherwise.

9. Plaintiff proceeded to replace padding and carpet as well as the air conditioning system shortly after the June 6, 2015 insurance inspection.  However, due to the relatively modest nature of the remaining repairs, as well as the delay in being able to secure a qualified contractor to undertake the remaining repairs, final repairs from the original adjustment inspection were not undertaken until February 22, 2016.  At that time, Plaintiff's contractor discovered previously undetected drywall damage and mold inside the framing space and behind cabinetry caused by the

3

May 26, 2015 flooding of Plaintiff's home. Drywall repair necessitated removal of cabinetry and other built-in features of Plaintiff's home, mold treatment, insulation replacement and painting in several rooms and closets, plus the garage. These additional repairs were substantially greater in cost than the original estimate and settlement by the Nationwide adjustor.

10. Shortly thereafter, as previously instructed by Nationwide's adjustor, Plaintiff supplemented his original flood insurance claim, writing detailed correspondence, including photographs, to the Nationwide Flood Insurance Processing Center documenting the additional flood-related damages to Plaintiff's home. Plaintiff also contacted Nationwide's adjustor and requested additional compensation on March 9, 2016. Without again inspecting Plaintiff's home, the Nationwide adjustor wrote a Narrative Report dated May 3, 2016 recommending denial of Plaintiff's supplemental claim. The basis for the supplemental claim denial as set forth in the Narrative Report was that the newly discovered damages "could have been avoided if the repairs had been mitigated in a timely manner."

11. Upon receipt of the Nationwide adjustor's Narrative Report, Plaintiff wrote a letter of response to the designated examiner at Nationwide's Flood Insurance Processing Center, detailing why the adjustor's supplemental claim denial was in error.

12. On September 27, 2016, the Flood Claims Processing Center for defendant Nationwide Mutual Fire Insurance Company issued correspondence denying Plaintiff's supplemental claim, citing a policy exclusion for failure to inspect and maintain the property after a flood recedes.

13. On November 23, 2016, Plaintiff duly appealed Nationwide's denial of his supplemental claim to FEMA.

4

14. On June 15, 2017, FEMA concurred with the decision of Nationwide and denied Plaintiff's supplemental claim, concluding that the "claimed additional damage was clearly attributed to, and exacerbated by prolonged exposure to accumulative moisture, and the related failure to initiate timely, consistent and effective mitigation measures" which "resulted in the progressive development of mold, mildew infestation and further damages that is expressly excluded from coverage under the SFIP [Standard Flood Insurance Policy]."

15. Due to the refusal of Nationwide to honor Plaintiff's supplemental claim, Plaintiff had to incur personal expenses to properly restore and repair his home. This expenditure required Plaintiff to withdraw money from his 401(k) retirement plan and also pay associated taxes and penalties on the amount withdrawn from his retirement plan. The cost of the additional repairs exceeded $125,000 and the amount of 401(k)-related taxes and penalties amounted to $35,398.

## **First Claim for Relief**

16. Plaintiff repeats and alleges the allegations set forth in Paragraphs 1-15 hereof as if fully set forth herein.

17. Plaintiff purchased a Nationwide flood insurance policy with a $250,000 policy limit, and Defendant Nationwide, a National Flood Write Your Own Company and/or Defendant Nationwide Mutual Fire Insurance Company had a duty to investigate Plaintiff's claim and pay policy benefits for covered damages, including the supplemental claimed damages, resulting from the May 26, 2015 flood of Plaintiff's home. Nationwide Defendants' failure and refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of Plaintiff's policy and under the laws of the State of Texas constitutes a breach of Defendants' insurance contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages

017896/000001
111 - 2649209v1

described in this complaint. Plaintiff has also been required to pay reasonable and necessary attorney fees due to the Nationwide Defendants' breach of the insurance contract.

## Second Claim for Relief

18. Plaintiff repeats and alleges the allegations set forth in Paragraphs 1-15 as if fully set forth herein.

19. Nationwide Defendants' failure to properly investigate and pay Plaintiff's supplemental damage claim, including the failure of its adjustor to inspect the newly discovered drywall and insulation damages after telling Plaintiff that he could make a supplemental damage claim should additional flood-related damages be uncovered during repair work, constituted a breach of express warranty of claim coverage. Nationwide Defendants' adjustor himself did not observe any such damages during his one visit to Plaintiff's home and did not tell Plaintiff that he had to pursue repair work promptly or risk having a supplemental claim denied. Denial of Plaintiff's supplemental damage claim without a follow-up inspection under the circumstances constituted a false, misleading or deceptive consumer trade practice and breached Nationwide Defendants' duty of good faith and fair dealing with its insured consumer customer. These actions constituted violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act and therefore Plaintiff has causes of action under the Texas Insurance Code § 541.151 and the Texas Business and Commerce Code § 17.50 for which Plaintiff seeks his actual and economic damages, attorney fees and costs.

## Third Claim for Relief

20. Plaintiff repeats and alleges the allegations set forth in Paragraphs 1-15 hereof as if fully set forth herein.

017896/000001
111 - 2649209v1

21.     Defendant FEMA's Appeal Decision constituted final agency action concerning Plaintiff's supplemental claim appeal.

22.     FEMA's Appeal Decision was unwarranted by the facts before it, was arbitrary, capricious, and abuse of discretion or otherwise not in accordance with the law and violated Plaintiff's constitutional due process rights. Accordingly, Defendant FEMA's Appeal Decision should be overturned.

### Fourth Claim for Relief

23.     Plaintiff repeats and alleges the allegations set forth in Paragraphs 1-15 hereof as if fully set forth herein.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiff seeks a declaratory judgment that he is entitled to full compensation for his supplemental damages claim and attorney fees (such fees from Nationwide Defendants only) as alleged hereinabove.

### Prayer for Relief

25.     WHEREFORE, Plaintiff Phillip C. de Blanc asks this Court to grant the following relief:

1. On the First Claim for Relief, judgement against Nationwide Defendants, jointly and severally, for his supplemental claim damages and related expenses and losses in the total amount of $161,107 plus prejudgment and post judgement interest, reasonable and necessary attorney fees and costs of court;

2. On the Second Claim for Relief, judgment against Nationwide Defendants, jointly and severally, for Plaintiff's actual and economic damages, prejudgment and post judgment interest, reasonable and necessary attorney fees and costs of court;

3. On the Third Claim for Relief, judgment pursuant to 5 U.S.C. §§ 704 and 706 against Defendant FEMA overturning its Appeal Decision on Plaintiff's supplemental damage claim;

7

4. On the Fourth Claim for Relief, declaratory judgment against all Defendants, finding that Plaintiff is entitled to full compensation for his supplemental damages claim, reasonable and necessary attorney fees, prejudgment and post judgment interests (fees and interest from Nationwide Defendants only) and costs of court; and

5. Judgment in favor of Plaintiff for such other and further relief, general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

        Respectfully submitted,

        By: /s/ Robert E. "Robin" Morse, III
        Robert E. "Robin" Morse, III
        Federal ID No. 2098
        State Bar No. 14552500
        1401 McKinney, Suite 1700
        Houston, Texas 77010
        Telephone: (713) 752-8628
        Facsimile: (713) 425-7928
        E-mail: rmorse@craincaton.com

        ATTORNEY IN CHARGE FOR PLAINTIFF
        PHILLIP C. DE BLANC

Of Counsel:

CRAIN, CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010
Telephone: (713) 758-2323
Facsimile: (713) 425-7928